UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GLENDA F. MITCHELL     CIVIL ACTION NO: 17-244

VERSUS     JUDGE DONALD E. WALTER

WAL-MART LOUISIANA, LLC     MAG. JUDGE KAREN L. HAYES

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Remand [Doc. #12], filed by Plaintiff Glenda F. Mitchell. Defendant Wal-Mart Louisiana, LLC ("Wal-Mart") opposes the motion [Doc. #17]. For the reasons that follow, Plaintiff's motion [Doc. #12] is **DENIED.**

## PROCEDURAL BACKGROUND

Plaintiff originally filed this lawsuit in the First Judicial District Court, Caddo Parish, Louisiana, on December 16, 2016. [Doc. #1-2]. Wal-Mart Stores, Inc., the named defendant, was served on January 12, 2017; however, because Wal-Mart Louisiana, LLC is the proper defendant, that entity filed an answer in the state court proceeding on January 24, 2017. [Doc. #1-5]. On February 7, 2017, Wal-Mart removed the case to this Court by filing a verified notice of removal, and on February 28, 2017, moved for leave to file an amended notice of removal. [Docs. ##1, 8]. Wal-Mart sought such leave on the basis that the verification had been filed in error, as the basis of removal was that the jurisdictional threshold for removal was facially apparent from Plaintiff's state court petition. [Doc. #8, p. 2]. Leave was granted, and Wal-Mart's amended notice of removal was filed on March 1, 2017. [Doc. #11]. On March 9, 2017, Plaintiff filed the instant motion to remand. [Doc. #12].

1

This matter was removed on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §1332. [Doc. #11, p. 4, ¶ 11]. There is no dispute that complete diversity exists; however, this Court must determine whether Wal-Mart has established that the amount in controversy satisfies the $75,000 jurisdictional threshold. [Doc. #12-1, pp. 1-2; Doc. #11, p. 2].

## **LAW & ANALYSIS**

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because removal raises significant federalism concerns, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). However, a district court is required to remand the case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447©. As referenced above, this Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Since the enactment of the diversity statute, courts have required "complete diversity" of citizenship. *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990). Again, as stated, complete diversity is undisputed in this case. The sole dispute surrounds the amount in controversy.

Ordinarily, Plaintiff's state court petition would guide the determination of the amount in controversy; however, Louisiana prohibits plaintiffs from petitioning for a specific monetary

amount. *Manguno*, 276 F.3d at 723 (citing La. Code Civ. P. art. 893(A)(1)). In that respect, Plaintiff's petition is drafted in accordance with Louisiana law; therefore, Wal-Mart must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id*. Wal-Mart may carry its burden if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) Wal-Mart sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Id*. If Wal-Mart meets its burden, remand is proper only if Plaintiff then "demonstrate[s] to a legal certainty that [she] can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Here, Plaintiff's petition alleges that she was injured when a suspected shoplifter knocked her down in a Wal-Mart parking lot, in Shreveport, Louisiana. [Doc. #1-2, p. 1, ¶ 3]. She alleges that this incident caused her to suffer "severe, disabling, and permanent injuries[,]" including a torn rotator cuff requiring surgery. *Id*. at p. 2, ¶ 8; p. 4, ¶ 20. She further claims the following categories of damages, which allegedly "exceed fifty thousand dollars exclusive of interest and costs:" past and future medical expenses; past and future pain and suffering; past and future mental anguish; physical disfigurement; physical impairment; loss of past earning capacity; and loss of future earning capacity. *Id*. at p. 3, ¶ 13; p. 5, ¶ 25. The notice of removal asserted that these allegations were "likely enough to put defendant[] on notice that the plaintiff's damage claims exceed the jurisdictional threshold of this Court." [Doc. #1, p. 3, ¶ 9].

In her motion to remand, Plaintiff argues that Wal-Mart has "no knowledge of the medical expense records and estimates in this case." [Doc. #12-1, p. 4]. Indeed, at this stage in the proceedings, that is not an abnormal state of affairs, hence the two alternative means for

establishing this Court's jurisdiction. In opposition to the instant motion to remand, Wal-Mart has attached correspondence, dated March 15, 2017, sent from Wal-Mart's counsel to Plaintiff's counsel, which states, in pertinent part: "We will not oppose remanding this case to state court, if you will agree to enter a stipulation that the damages in this case do not exceed $75,000." [Doc. #17-1]. Wal-Mart represents to the Court that no response was received, and Plaintiff has not sought leave to file a reply. [Doc. #17, p. 4]. As Wal-Mart points out, "[a] plaintiff's refusal to stipulate may constitute evidence that the amount in controversy is in excess of the requisite amount." *Simpson v. Dollar Tree Stores, Inc.*, No. CIV.A. 15-2107, 2015 WL 5566704, at *3 (W.D. La. Sept. 21, 2015); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (post-removal evidence may be considered in determining the amount in controversy at the time of removal, if the basis for jurisdiction is ambiguous at the time of removal).

The Court finds, based on the allegations in Plaintiff's state court petition, coupled with Plaintiff's failure to respond to Wal-Mart's proposed stipulation, that the jurisdictional threshold has been met. Accordingly, the motion to remand [Doc. #12] is hereby **DENIED**.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand [Doc. #12] is hereby **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of July, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE